**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-50441**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ROBERT SCOTT DAVIS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**USDC No. W-01-CR-93-1**
_____

December 30, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Convicted for possession with intent to distribute methamphetamine, Robert Scott Davis challenges the denial of his motion to suppress evidence seized pursuant to a search warrant. For such review, we determine: (1) whether the good-faith exception to the exclusionary rule applies; and (2) if not, whether probable cause supported the warrant. *E.g., **United States v. Cherna***, 184 F.3d 403, 407 (5th Cir. 1999).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis contends the good-faith exception does not apply because the affidavit on which the search warrant was based was a "bare bones" affidavit. This affidavit was based on the personal observations of a confidential informant, who had previously provided reliable, credible information to law enforcement officials. The informant stated: he had observed Davis in possession of methamphetamine within the past month; he had previously observed Davis using methamphetamine; and he had smelled what he believed to be anhydrous ammonia (a chemical used in the manufacture of methamphetamine) on the subject premises within the past 72 hours.

We conclude that the officers relied in good faith on the warrant. *See* **United States v. Satterwhite**, 980 F.2d 317, 320-21 (5th Cir. 1992); **United States v. McKnight**, 953 F.2d 898, 905 (5th Cir. 1992).

*AFFIRMED*